Affirmed and Opinion filed February 8, 2005









Affirmed and Opinion filed February 8, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01387-CR

____________

 

LESLIE KING, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 946,675

 



 

O P I N I O N

A jury found appellant Leslie King guilty
of aggravated robbery and sentenced him to thirty years’ imprisonment.  Appellant brings this appeal, claiming that
the evidence was legally and factually insufficient to convict him.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.  We affirm.








The evidence shows that on April 23, 2003,
two men entered the Handi Grocer on South Dairy Ashford in Houston.  The store’s owner, Sajid Murtaza, testified
that a man later identified as appellant bought water and candy while the other
man, later identified as Lando McCain, stood at the door.  A short while later, the men returned.  Murtaza testified that while McCain was
obtaining change for a dollar from him, appellant entered the store with a
backpack and stood near the door. 
Appellant then took a gun from his backpack, pointed it at Murtaza while
walking toward him, and said, “I’m going to shoot you,” or “I’m going to kill
you.”  Appellant fired one shot at
Murtaza, who ducked, removed his own weapon from under the counter, and fired
four shots at the fleeing appellant. 
Appellant and McCain were later apprehended when McCain stopped to call
for aid for the wounded appellant.  The
incident was recorded on the store’s security videotape. 

We utilize the normal standards of review
in evaluating legal and factual sufficiency claims.  See Jackson v. Virginia, 443 U.S. 307,
319 (1979) (legal sufficiency);  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency);
King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) (legal
sufficiency).  In order to obtain a
conviction for aggravated robbery in this case, the State was required to prove
beyond a reasonable doubt that appellant, while in the course of committing
theft of property, with intent to obtain and maintain control of the property,
intentionally and knowingly threatened and placed the complainant in fear of
imminent bodily injury and death.  Tex. Pen. Code Ann. §§ 29.03 (Vernon
2003).  The State was also required to
prove that appellant used or exhibited a deadly weapon in the course of
committing the offense.  Id.  Appellant claims that the evidence lacks
legal and factual sufficiency due to the State’s failure to prove he committed
or attempted to commit theft.  We
disagree.








Under Texas law, actual commission of
theft is not a prerequisite to the commission of robbery.  Autry v. State, 626 S.W.2d 758,
762 (Tex. Crim. App. 1982).  Intent to
steal may be inferred from an appellant’s actions or conduct.  Chastain v. State, 667 S.W.2d 791, 795
(Tex. App.—Houston [14th Dist.] 1983, pet. ref’d).  In Autry, 626 S.W.2d at 762, Johnson
v. State, 541 S.W.2d 185, 186-87 (Tex. Crim. App. 1976), and Chastain,
667 S.W.2d at 795, the courts considered sufficiency challenges in cases with
fact patterns similar to this case: robbery or attempted robbery without
evidence of specific demand for or removal of money or property.  In all three cases, the appellate courts held
that the evidence was sufficient to convict the appellants of aggravated
robbery based on overall circumstances, despite the fact that there was no
evidence of a demand being made. 

By contrast, in Thomas v. State,
the Court of Criminal Appeals held that sufficient evidence of theft or
attempted theft did not exist to convict appellant of aggravated robbery.  807 S.W.2d 803, 806 (Tex. Crim. App. 1991).  Thomas, however, dealt with evidence
necessary to corroborate an extrajudicial admission, something not at issue in
this case.  Id. at 805.  Thomas is further distinguishable
based on the facts that the murder victim was found in her home, with money,
jewelry, and drugs still present on her person and in her apartment and her
assailant was someone known to her.  Id.
at 806–07.  The court therefore held that
motives for her murder other than robbery could have existed.  Id.

Here, appellant and McCain entered and
left the store, returning ten to fifteen minutes later.  Appellant entered, carrying a backpack.  He approached Murtaza with a gun drawn and
shot at him, then fled the store with McCain once Murtaza fired his own
weapon.  There is no evidence that
appellant and Murtaza were anything other than complete strangers.  Taking into account this evidence and the
fact that the jury is the sole judge of the credibility of the witnesses and
the weight to be given their testimony, we find that a rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  King, 29 S.W.3d at
562-63.  That is, viewing the evidence in
the light most favorable to the verdict, we find that a rational jury could
have inferred from appellant’s conduct that he intended to rob Murtaza. 








Appellant also argues that in a legal
sufficiency review a vital fact cannot be established “by stacking inference
upon inference.”  Richardson v. State,
834 S.W.2d 535 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d) (op. on reh’g);
see also Lee v. State, 214 S.W.2d 619, 622 (Tex. Crim. App. 1948).  He contends that his intent to steal is a
vital fact that cannot be established by stacking inferences.  We do not believe that the State’s proof was
based on one inference drawn from another. 
The “evidentiary ‘facts’” that appellant claims the State relied on to
stack inference upon inference are: appellant’s parking his car in an adjacent
lot, the “casing” of the store by appellant and McCain prior to the offense,
and appellant’s return with a backpack containing a firearm.  These facts do not require us to draw one
inference from another.  Instead, each of
these facts taken alone goes to show independently that appellant intended to
commit theft.  Taking into account the
fact that the jury is the sole judge of the credibility of the witnesses and
the weight to be given their testimony, we find that a rational trier of fact
could have found the essential elements of the offense, including appellant’s
intent to commit theft, beyond a reasonable doubt.  King, 29 S.W.3d at 562-63.  The evidence is therefore legally sufficient
to support appellant’s conviction.

We also find that a neutral review of the
evidence does not show that the proof of guilt is so weak that it demonstrates
that the verdict is clearly wrong and manifestly unjust; neither is the
contrary proof so strong that the reasonable doubt standard could not have been
met.  Zuniga, 144 S.W.3d at
484-85.  The evidence is therefore
factually sufficient to support appellant’s conviction.  

Appellant’s points of error are overruled;
we affirm the judgment of the trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed February 8, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Publish
— Tex. R. App. P. 47.2(b).