Affirmed and Memorandum Opinion filed October 30, 2008








Affirmed and Memorandum Opinion filed October 30, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01070-CR

_______________

 

JAHLAISSE WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1095285

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Jahlaisse Williams,
challenges his conviction following a bench trial for aggravated robbery.  The
trial court assessed punishment at confinement for 10 years.  Appellant
contends the evidence was legally and factually insufficient to support the
trial court=s findings that appellant (1) used and exhibited a firearm during
commission of the offense; and (2) attempted to obtain and maintain control of
complainant=s property.  We affirm.








Background

At about 9:00 p.m. on December 3,
2006, complainant left his first-floor apartment to go visit his cousin in a
second-floor apartment in an adjacent apartment building.  To reach his cousin=s apartment, complainant had to go up
one flight of stairs to a small landing about six feet above the ground, then
up a second flight of stairs to the landing and hallway in front of his cousin=s front door.  While walking,
complainant noticed appellant following him along with two other men whom he
had never seen before.

As complainant arrived at the front
door of his cousin=s apartment, the three men approached him from behind. 
Complainant testified that appellant placed a gun against his back. 
Complainant opened the door to his cousin=s apartment while reaching behind and
feeling the gun with his free hand.  Complainant testified that he and
appellant then began struggling for control of the gun, which fired once into
the apartment.

Complainant testified that he took
the gun away from appellant and ordered him to leave.  When appellant did not
leave, complainant fired a warning shot off to the side.  Appellant continued
coming toward complainant, who fired a third shot that hit appellant in the
chest.  Complainant testified that appellant fell to the ground after being
shot, then attempted to flee.  Complainant and his cousin kept appellant from
fleeing and held him on the ground until police arrived.

Houston Police Officer Allen Holub
responded to the scene shortly thereafter.  Upon arrival, Officer Holub saw
appellant on the ground bleeding with people on top of him.  Once paramedics
removed appellant, Officer Holub found a revolver on the ground underneath
appellant.  Complainant identified the revolver as the gun appellant had
pointed at him.  Complainant knew very little English, but told Houston Police
Officer Miraida Martinez that he recognized the word Amoney@ being said by one of the men as they
came up behind him on his way up the stairs.








At trial, complainant testified that
appellant tried to remove complainant=s wallet from his back pocket while
holding a gun on complainant, but was unable to take it because complainant=s jeans were so tight.  Complainant=s cousin testified that he was in his
bedroom when he heard a loud noise and then went into his living room, where he
saw complainant and appellant struggling over a revolver.  

Houston Police Officer Richard
Rodriguez testified that complainant told him during a telephone interview a
few days after the incident that appellant attempted to reach into complainant=s pocket.  Neither Officer Holub=s police report nor Officer Rodriguez=s supplemental report mentioned
appellant or any of his accomplices using the word Amoney@ or reaching into complainant=s pocket. 

Analysis

Appellant challenges both the legal
and factual sufficiency of the evidence to support the trial court=s finding that he used or exhibited a
firearm during commission of the alleged offense.  Appellant also challenges
the legal and factual sufficiency of the evidence to support the trial court=s finding that he attempted to obtain
and maintain control of complainant=s property.

I.          Legal
and Factual Sufficiency of Evidence Supporting Finding That Appellant Used or
Exhibited a Firearm During Commission of the Offense    

In reviewing legal sufficiency of the
evidence, an appellate court will examine the evidence in the light most
favorable to the State to determine whether any rational finder of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999).  When reviewing legal sufficiency of the
evidence, the court does not sit as a thirteenth juror and may not reevaluate
the weight and credibility of the record evidence or substitute its judgment
for that of the fact finder.  Dewberry, 4 S.W.3d at 740.








Reconciliation of conflicts in the
evidence is within the fact finder=s exclusive province.  See Mosley
v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court=s duty is not to reweigh the
evidence, but to serve as a final due process safeguard ensuring only the
rationality of the fact finder.  See Williams v. State, 937 S.W.2d 479,
483 (Tex. Crim. App. 1996).  An appellate court faced with a record of facts
that supports conflicting inferences must presume _ even if not obvious from the record _ that the finder of fact resolved any
such conflicts in favor of the State and must defer to that resolution.  Jackson,
443 U.S. at 326.

Testimony by a lay witness that a
defendant used a firearm during the commission of an offense is sufficient to
support a finding of use and exhibition of a deadly weapon.  Gomez v. State,
685 S.W.2d 333, 336 (Tex. Crim. App. 1985) (en banc); see also Porter v.
State, 601 S.W.2d 721, 723 (Tex. Crim. App. 1980).

Complainant testified that appellant
and two accomplices approached him from behind, and that appellant placed a gun
against his back.  Complainant also testified that he felt the gun with his
free hand and then struggled with appellant to gain possession of the gun. 
Complainant=s cousin testified that he saw complainant and appellant struggling over
a revolver.  Officer Holub testified that he found a revolver on the ground
underneath appellant once the paramedics removed appellant, and that
complainant identified the revolver as the gun appellant had pointed at him. 
The revolver and four shell casings that Officer Holub found were offered by
the State and admitted into evidence without objection.              Based on
this evidence, a rational fact finder could have found beyond a reasonable
doubt that appellant used or exhibited a firearm during commission of the
offense.  See Carter v. State, 946 S.W.2d 507, 511 (Tex. App.BHouston [14th Dist.] 1997, pet. ref=d) (complainants= testimony that appellant used Aa gun@ similar to one shown to them at
trial and threatened to shoot them was legally sufficient to support finding of
use of a firearm).

When conducting a factual sufficiency
review, an appellate court must determine (1) whether the evidence introduced
to support the verdict is Aso weak@ that the fact finder=s verdict seems Aclearly wrong and manifestly unjust,@ and (2) whether, considering
conflicting evidence, the fact finder=s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2006).








An appellate court should not
substantially intrude upon the fact finder=s role as the sole judge of the
weight and credibility of witness testimony.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002).  Due deference still must be given to
the fact finder=s determinations concerning the weight and credibility of the
evidence, and reversal of those determinations is only appropriate to prevent
the occurrence of a manifest injustice.  Martinez v. State, 129 S.W.3d
101, 106 (Tex. Crim. App. 2004) (citing Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003)).

In cases based upon circumstantial
evidence, it is not required that all facts point to a defendant=s guilt; it is sufficient if the
combined and cumulative force of all of the incriminating circumstances
warrants the conclusion of guilt.  See Courson v. State, 160 S.W.3d 125,
128 (Tex. App.BFort Worth 2005, no pet.) (citing Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993) (en banc)).

Appellant highlights the following
evidence in support of his contention that he did not use or exhibit a firearm
during commission of the alleged offense: (1) the asserted inconsistency
between complainant=s testimony that he put the gun to the side when the police
arrived and Officer Holub=s testimony that he found the gun underneath appellant; and
(2) the asserted inconsistency between complainant=s testimony that the incident
occurred at the top of the stairs in front of his cousin=s apartment and Officer Holub=s testimony that he found appellant
and his cousin restraining complainant on a Aplatform@ when he arrived.        Appellant
argues that the term Aplatform@ referred to the landing at the top of the first flight of
stairs leading toward the apartment, not the landing and hallway in front of
the apartment at the top of the second flight of stairs.  Officer Holub never
specifies in his testimony to which Aplatform@ he was referring: AIt=s a two-level staircase.  So, you go
up a flight of stairs and there=s a platform that takes you up to the second.  On that
platform, I observed [appellant] laying on the ground and several
people on top of him at that point.@ (emphasis added). 








In his brief, appellant does not
explain how these asserted inconsistencies support a finding that he did not
use or exhibit a firearm.  At most, these asserted inconsistencies could call
the credibility of the State=s witnesses into question, but credibility determinations
fall within the fact finder=s exclusive province.  See Martinez, 129 S.W.3d at
106.

Furthermore, the record also contains
ample evidence to support a finding that appellant used or exhibited a firearm
during commission of the alleged offense: (1) complainant=s testimony that appellant and two
accomplices approached him from behind and that appellant placed a gun against
his back; (2) complainant=s testimony that he felt the gun with his free hand and
struggled with appellant for control of the gun; (3) complainant=s testimony that he eventually
wrestled the gun away from appellant; (4) complainant=s cousin=s testimony corroborating that
complainant and appellant struggled over control of the gun, and that
complainant ultimately obtained the gun; and (5) Officer Holub=s testimony that he found a revolver
underneath appellant, and that complainant identified it as the one appellant
had pointed at him.

The evidence in this case is
factually sufficient to justify the trial court=s finding that appellant used or
exhibited a firearm during commission of the offense.  The trial court=s finding is neither Aclearly wrong and manifestly unjust@ nor against the great weight and
preponderance of the evidence.

We overrule appellant=s issue regarding legal and factual
sufficiency of the evidence to support a finding that appellant used or
exhibited a firearm during commission of the alleged offense.

II.        Legal
and Factual Sufficiency of Evidence Supporting Finding That Appellant Attempted
to Obtain and Maintain Control of Complainant=s Property      

The same standards for review of
legal and factual sufficiency outlined above also apply to our analysis of the
trial court=s finding that appellant attempted to obtain and maintain control of
complainant=s property.








A verbal demand is not required to
support a finding of an intent to obtain and maintain control of another=s property; this intent may be
inferred from actions or conduct.  Drew v. State, 743 S.W.2d 207, 216
(Tex. Crim. App. 1987) (en banc); Wiggins v. State, No. 14-99-00065-CR,
2000 WL 1125544, at *2 (Tex. App.BHouston [14th Dist.] 2000, pet. ref=d) (not designated for publication).

Regarding legal sufficiency of the
evidence, complainant testified that appellant and two accomplices approached
him from behind and that appellant placed a gun against his back.  Officer
Martinez testified that complainant heard one of the men say the word Amoney@ as they followed him up the stairs
to his cousin=s apartment.  Complainant also testified that appellant reached into
complainant=s pocket but was unable to take his wallet because complainant=s jeans were so tight.  Officer
Rodriguez testified that complainant told him during his follow-up
investigation days after the incident that appellant attempted to reach into
complainant=s pocket.

Based on this evidence, a rational
fact finder could have found beyond a reasonable doubt that appellant attempted
to obtain and maintain control of complainant=s property.  See Chastain v. State,
667 S.W.2d 791, 795 (Tex. App.BHouston [14th Dist.] 1983, pet. ref=d) (evidence that appellant pointed
gun at complainant and demanded Athe key@ from complainant was legally
sufficient to support finding of intent to obtain and maintain control of
complainant=s property).

Regarding factual sufficiency of the
evidence, appellant highlights the following evidence in support of his
contention that he did not attempt to obtain and maintain control of
complainant=s property: (1) Officer Holub=s police report and Officer Rodriguez=s supplemental report both failed to
mention complainant=s claim that appellant attempted to reach into complainant=s pocket; (2) Officer Martinez=s testimony that complainant did not
tell her that appellant had reached into his pocket; and (3) complainant=s inability to understand what
appellant and his accomplices may have been saying to complainant.








Appellant also asserts in his brief
that the investigation of this incident was flawed because no trace metal tests
were performed on the gun; no fingerprints were taken; no bystanders at the
scene were interviewed; no crime scene unit was called to the scene; and no
testifying officer had entered complainant=s cousin=s apartment.  Again, appellant
provides no explanation as to how these alleged flaws support a finding that
appellant did not attempt to obtain and maintain control of complainant=s property in light of the evidence
offered at trial.  These alleged flaws at most could call the credibility of the
State=s witnesses into question, which
falls within the exclusive province of the fact finder.  See Martinez,
129 S.W.3d at 106.

Furthermore, the record also contains
ample evidence to support a finding that appellant attempted to obtain and
maintain control of complainant=s property: (1) complainant=s testimony that appellant and two
accomplices approached him from behind and that appellant placed a gun against
his back; (2) Officer Martinez=s testimony that complainant heard one of the men say Amoney@ as the men approached complainant
from behind on his way up the stairs; (3) complainant=s testimony that appellant attempted
to remove complainant=s wallet from complainant=s back pocket while continuing to
hold the gun on complainant; and (4) Officer Rodriguez=s testimony that complainant told him
a few days after the incident that appellant tried to reach into complainant=s pocket.

The evidence in this case is
factually sufficient to justify the trial court=s finding that appellant attempted to
obtain and maintain control of complainant=s property.  The trial court=s finding on this issue is not Aclearly wrong and manifestly unjust@ and does not go against the great
weight and preponderance of the evidence.  

We overrule appellant=s issue regarding legal and factual
sufficiency of the evidence to support a finding that appellant attempted to
obtain and maintain control of complainant=s property.

 








Conclusion

The trial court=s judgment is affirmed.

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed October 30, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.

Do not publish C Tex. R. App. P. 47.2(b).