Opinion issued March 28, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00209-CR

————————————

## VU HOANG BUI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 209th District Court
Harris County, Texas
Trial Court Case No. 1377635

## MEMORANDUM OPINION

A jury convicted Vu Hoang Bui of felony murder, based on the underlying

offense of robbery, after Bui fatally shot Tuan Tu in a Northwest Houston café and

game room. *See* TEX. PENAL CODE § 19.02(b)(3). Bui appealed, and in his sole issue, contends that the evidence is insufficient to establish his intention to rob Tu.

We affirm.

## Background

Tuan Tu owned the Café Chieu Tim, a cash-only café where patrons could drink coffee and play pool and videogames. One afternoon, Bui entered Tu's café along with Thanh Kim Hoang and ordered a coffee from Tu. The café was nearly empty. Beside Tu, Bui, and Hoang, only two patrons were present—regulars who were there to play pool and who did not know or recognize either Bui or Hoang. After about ten or fifteen minutes, Bui and Hoang got up as if to play the videogames located at the café's entrance or to leave the café. Bui instead produced a handgun and ordered the two patrons to "get down." Hoang had plastic zip ties in hand.

Tu drew a firearm and exchanged gunfire with Bui. In the course of the firefight, Bui fatally shot Tu in the chest. Bui and Hoang fled together on foot into a nearby neighborhood, where an unidentified person was waiting with a getaway vehicle. Tu was pronounced dead at the scene. In Tu's pocket, police discovered a cell phone, cash, and a wallet.

A grand jury indicted Bui for capital murder for intentionally causing Tu's death "while in the course of committing and attempting to commit the robbery" of Tu. Bui pleaded "not guilty," and a jury trial followed. After the close of evidence,

2

the trial court charged the jury on capital murder, as well as the lesser-included offense of felony murder based on the underlying offense of robbery. As to felony murder, the trial court's jury charge instructed the jurors that:

> [I]f you find from the evidence beyond a reasonable doubt that . . . [Bui], did then and there unlawfully, while in the furtherance of the commission or attempted commission of the felony of robbery of Tuan Ngoc Tu, or in immediate flight from the commission or attempted commission of the felony of robbery of Tuan Ngoc Tu, commit an act clearly dangerous to human life, to-wit: by shooting Tuan Ngoc Tu with a deadly weapon, namely a firearm, that caused the death of Tuan Ngoc Tu, then you will find [Bui] guilty of felony murder.

The jury convicted Bui of felony murder and assessed his punishment at life in prison and a $10,000 fine.

## Sufficiency of the Evidence

In one issue, Bui argues that there is insufficient evidence of his intent to rob Tu and, as a result, there is insufficient evidence of each required element of the underlying offense of felony murder. We begin our analysis with the standard of review for Bui's sufficiency-of-the-evidence challenge.

### A. Standard of review

"The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence." *Braughton v. State*, No. PD-0907-17, 2018 WL 6626621, at \*11 (Tex. Crim. App. Dec. 19, 2018). We review the sufficiency of the evidence using the standard articulated in *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894–913

3

(Tex. Crim. App. 2010); *Ervin v. State*, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Under *Jackson*, evidence is insufficient to support a conviction if, considering all the evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider direct evidence, circumstantial evidence, and all reasonable inferences that may be drawn from that evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (instructing that, in sufficiency review, "[d]irect and circumstantial evidence are treated equally: Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt") (quotation omitted). We measure the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

The *Jackson* standard "accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Clayton*, 235 S.W.3d at 778 (quotation omitted); *see Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011) (recognizing factfinder's "role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence"). As a reviewing court, we may

4

not reevaluate the weight and credibility of the evidence in the record and thereby substitute our own judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Brooks*, 323 S.W.3d at 899 (reviewing court must not sit as "thirteenth juror," disagree with jury's "weighing of the evidence," or "disagree with a jury's resolution of conflicting evidence"). A reviewing court is thus "required to defer to the jury's credibility and weight determinations." *Brooks*, 323 S.W.3d at 894, 899. "Although the parties may disagree about the logical inferences that flow from undisputed facts, '[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.'" *Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985)).

Juries, however, may not arrive at conclusions based on "mere speculation or factually unsupported inferences or presumptions." *Hooper v. State*, 214 S.W.3d 9, 15–16 (Tex. Crim. App. 2007) (explaining that speculation is "theorizing or guessing about the possible meaning of facts and evidence presented").

**B.  Analysis**

Felony murder essentially is unintentional murder committed in the course of a felony. *Lomax v. State*, 233 S.W.3d 302, 305–07 (Tex. Crim. App. 2007); *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004); *McGuire v. State*, 493 S.W.3d 177, 188 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). To prove

the essential elements of felony murder in this case, the State had to show that Bui committed or attempted to commit robbery and, "in furtherance of the commission or attempt," committed or attempted to commit "an act clearly dangerous to human life" that caused Tu's death. TEX. PENAL CODE § 19.02(b)(3). Section 29.02 of the Penal Code provides that a person commits the offense of robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *Id.* § 29.02(a)(2). "'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01(1). And theft is the unlawful appropriation of property "with intent to deprive the owner of the property." *Id.* § 31.03(a).

Bui does not challenge the sufficiency of the State's evidence on the assaultive element of robbery—that he shot Tu. *See id.* § 29.02(a)(2); *see also Ex parte Hawkins*, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999) (describing robbery as form of assault). His sufficiency-of-the-evidence challenge exclusively concerns the State's evidence of the underlying theft—his intention to obtain or maintain control of Tu's property. *See* TEX. PENAL CODE § 29.02(a); *see also Ex parte Hawkins*, 6 S.W.3d at 560 (clarifying that theft is underlying offense for robbery). According to Bui, it was not enough for the State to prove that he intended to steal *from someone* at Tu's café;

6

the State had to prove that he intended to steal *from Tu* because both the indictment and jury charge identified Tu as the only complainant. Bui asserts that there is insufficient evidence of the requisite intent to steal from Tu because (1) he only interacted with Tu when buying a coffee; (2) his demonstration of force was against the two patrons playing pool, not against Tu; (3) he did not verbally demand money or property; and (4) he did not actually steal anything. We disagree with Bui that the State's evidence is insufficient to sustain the felony-murder conviction based on the underlying offense of robbery of Tu, as indicted and charged.

Under Texas law, direct evidence such as proof of a completed theft is not required to establish the commission of robbery, meaning the fact that Bui did not actually take Tu's money or property is of no moment. *See Autry v. State*, 626 S.W.2d 758, 762 (Tex. Crim. App. 1982); *Edwards v. State*, 497 S.W.3d 147, 159 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *see also* TEX. PENAL CODE § 29.01 ("[i]n the course of committing theft" includes conduct occurring in attempt to commit theft). Neither was the State required to show that Bui verbally demand that Tu hand over money or property. *See Chastain v. State*, 667 S.W.2d 791, 795 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd) ("While no one heard appellant or his accomplice actually demand money from the attendant," the attendant was shot, and "there was sufficient evidence to allow the jury to find that they were acting with intent to obtain control of the money under the attendant's care, custody, and

7

control"). What must be shown is that Bui had the intent to obtain or maintain control over property at the time he engaged in the assaultive conduct proscribed by the Penal Code. *See White v. State*, 671 S.W.2d 40, 41–42 (Tex. Crim. App. 1984) (discussing TEX. PENAL CODE § 29.02). "Intent is almost always proven by circumstantial evidence." *Edwards*, 497 S.W.3d at 157 (quotation omitted). Thus, the jury could infer Bui's intent from any facts which tend to prove its existence, including his actions, words, and conduct." *See Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999).

Viewing the evidence in the light most favorable to the jury's verdict, the State showed that Bui and Hoang entered Tu's cash-only café with the intention to rob the people inside—including Tu—and the business itself. Bui and Hoang entered the café at a time when it was not crowded. Bui ordered a coffee, and then surveilled the café for at least ten minutes. Bui brandished a weapon and attempted to demonstrate force over the patrons playing pool, instructing them to "get down." Hoang appeared ready to restrain people with zip ties. And Bui and Hoang had an exit strategy. When Tu engaged Bui in a firefight, Bui and Hoang ran to a getaway car waiting nearby. From this evidence of Bui's conduct, the jury could reasonably infer that he and Hoang entered the café with a plan, first, to demonstrate force (using the firearm); then, to maintain control over anybody inside the café while they obtained any

8

money and property in the possession of the people inside (using the zip ties); and, finally, to escape when the robbery was complete (using the getaway car).

While Bui argues that this evidence does not support an inference that he intended to steal from Tu, given that he did not direct his attention toward Tu until Tu opened fire, Bui offers only one view of the evidence. The jury was not required to accept his view. *See Evans*, 202 S.W.3d at 163 (explaining that"'[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.'") (quoting *Anderson*, 470 U.S. at 574). The jury instead could infer that Tu also was a target of the attempted robbery based on Bui's conduct described above and Tu's proximity to his patrons at the time Bui ordered them to kneel—the testimony and photographic evidence viewed in the light most favorable to the verdict establish that Tu was, at most, a pool table's width away from his customers. Nothing in the record suggests that either patron displayed wealth or had a personal conflict with Bui or Hoang that would compel a conclusion that Bui singled them out. Our standard of review compels us to accept the jury's view of the evidence that rejects a defense theory that Bui intended to act only against the two patrons and ignore the potential riches of Tu's cash-only business. *See Evans*, 202 S.W.3d at 163.

On this record, we hold that the evidence was sufficient to permit the jury to reasonably infer from Bui's conduct that he intended to steal from everyone inside

9

the café, including Tu, but could not complete the theft because Tu opened fire. *See Edwards*, 497 S.W.3d at 157–59 (affirming aggravated robbery conviction even though evidence did not show demand for money from specific target but did show that appellant and his accomplices arrived at cash-based game room while customers were present and tussled with security guard after demanding entry to game room). We therefore overrule Bui's sufficiency-of-the-evidence challenge.

## Conclusion

We affirm the judgment of the trial court.


Sarah Beth Landau
Justice

Panel consists of Justices Keyes, Higley, and Landau.

Do not publish. TEX. R. APP. P. 47.2(b).